UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20839 CIV-SEITZ/O'SULLIVAN

In re Application of FG Wilson (Engineering)
Limited for Ex Parte Order to Obtain Discovery
For Use in Foreign Proceedings
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on the Non-Party, Luis Eduardo Lopez Vargas's Verified Motion for Relief From Order Granting In Part Application for Order Pursuant to 28 U.S.C. § 1782 (hereinafter "Motion to Vacate") (DE # 12, 6/13/10).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Patricia A. Seitz, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that the aforementioned motion be DENIED in accordance with the following Report and Recommendation.

**BACKGROUND**

FG Wilson (Engineering) Ltd. (hereinafter FG Wilson) applied for an Ex Parte Order Pursuant to 28 U.S.C. § 1872(a) to Obtain Discovery For Use in Foreign Proceedings from Luis Eduardo Lopez Vargas (hereinafter "Application") (DE # 1, 3/18/10).  FG Wilson seeks to take Lopez's deposition and obtain documents in connection with three Columbian proceedings regarding Columbian trademark registrations of FG WILSON.  FG Wilson does not expect Lopez to become a party to the proceedings in Columbia, however FG Wilson expects Lopez to have relevant

documents and testimony. The discovery which FG Wilson seeks from Lopez is limited to documents and testimony related to the Columbian proceedings. Lopez is a Columbian citizen who resides within the Southern District of Florida.

On March 19, 2010, FG Wilson gave notice to the Court that it served its application including exhibits (DE # 1) and the supporting affidavit of Christopher Foley (DE # 3) by personally delivering them to Luis Eduardo Lopez Vargas's (hereinafter "Lopez") adult son, Gabriel Eduardo Lopez Moreno, at their place of employment in Miami, Florida. (DE # 4). On March 30, 2010, the Honorable Judge Patricia A. Seitz issued an Order Granting in Part Application for Order Pursuant to 28 U.S.C. § 1782 (DE # 5). On June 13, 2010, Non-Party Lopez filed a Verified Motion for Relief From Order Granting in Part Application for Order Pursuant to 28 U.S.C. § 1782 (DE # 12). FG Wilson filed its Opposition to Lopez's Motion for Relief From Order Granting Application for Discovery Pursuant to 28 U.S.C. 1782(a) on June 30, 2010 (hereinafter "Opposition") (DE # 16). On July 22, 2010, the undersigned held a hearing where the parties presented oral arguments on Lopez's Motion for relief from the Honorable Judge Seitz's Order Granting in Part FG Wilson's Application. At the hearing, the undersigned ordered FG Wilson to submit an affidavit on Columbian law, on or before August 31, 2010. A reply affidavit was permitted by September 30, 2010. The affidavit by FG Wilson was filed on August 31, 2010, (DE # 21). Also on August 31, 2010, FG Wilson filed a Supplemental Memorandum (DE # 22). On October 28, 2010, the Non-Party Luis Eduardo Lopez Vargas filed a reply Memorandum (DE # 27). On October 29, 2010, , the Non-Party Luis Eduardo Lopez Vargas filed a Notice of Filing Corrected Reply Affidavit (DE # 28).

2

## ANALYSIS

The undersigned will construe Lopez's Motion for Relief and Incorporated Memorandum as a Motion to Vacate because the Honorable Patricia A. Seitz granted FG Wilson's Application. (DE # 5, 3/30/10).

### I. 1782(a) Statutory Requirements

District courts have the authority to grant an application for judicial assistance in foreign proceedings when the statutory requirements of 28 U.S.C. § 1782(a) are satisfied. The Eleventh Circuit has defined those statutory requirements as:

> (1) the request must be made by a foreign or international tribunal or by any interested person; (2) the request must seek evidence, whether it be the testimony or statement of a person or the production of a document or other thing; (3) the evidence must be for use in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

In re Clerici, 481 F.3d at 1331-32 (citing to 28 U.S.C. § 1782) (internal quotation marks omitted).

In addition to the statutory requirements, district courts also evaluate four discretionary factors when deciding whether or not to grant an application for judicial assistance in foreign proceedings. The Supreme Court discussed the four discretionary factors for district courts to take under consideration in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (U.S. 2004). In Clerici, the Eleventh Circuit listed the four discretionary Intel factors as:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because the need for §

> 1782(a) aid generally is not apparent as it ordinarily is when evidence is sought from a nonparticipant; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is otherwise unduly burdensome.

Clerici, 481 F.3d at 1334 (citing to Intel, 542 U.S. at 264-65) (internal quotation marks omitted)

FG Wilson satisfies all four of the statutory requirements under 28 U.S.C. § 1782(a) which will move the inquiry to the additional discretionary Intel factors. Lopez does not argue that FG Wilson fails to satisfy any of the statutory elements.[1] First, FG Wilson satisfies the first prong of the statutory requirements as an interested person because it seeks to obtain information that is relevant to its legal proceedings in Columbia. Next, FG Wilson's request satisfies the second prong because it seeks to obtain testimony and documents from Lopez. FG Wilson satisfies the third prong of the statutory requirements because the third prong requires that the evidence be for use in a proceeding in a foreign or international tribunal, and FG Wilson is seeking the information for a legal proceedings in Columbia in which it is currently involved. Finally, Lopez resides in the Southern District of Florida because he lives in Doral, Florida.

---

[1] Lopez referred to the discretionary Intel factors in his verified motion as mandatory elements rather than discretionary and did not speak to the mandatory elements required under 28 U.S.C. 1782(a) or as discussed by the Eleventh Circuit in Clerici. During the hearing on July 22, 2010, Lopez acknowledged that the Intel factors are discretionary.

## II.     Discretionary *Intel* Factors

Next, this Court will analyze the four discretionary factors initially delineated by the Supreme Court in Intel. Lopez argues that FG Wilson should not be allowed to depose him because FG Wilson does not satisfy the first and third Intel factors. FG Wilson contends that it satisfies all of the discretionary factors and even if the Court does not believe that all of them are satisfied, that it has met enough of the discretionary factors to proceed with its deposition of Lopez. FG Wilson satisfies three of the factors and one of the discretionary factors weighs in favor of FG Wilson.

### A)     Not a Party to Columbian Proceedings but Columbia Has Jurisdiction

Lopez argues that the first discretionary factor is not satisfied because Lopez is within the jurisdictional reach of the Columbian courts. Citing to Intel, Lopez characterizes the first discretionary factor as "whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid". Lopez does not address the Eleventh Circuit's interpretation of the Intel factors in Clerici or any other part of the Supreme Court's explanation of the first discretionary factor found in Intel.

FG Wilson argues that it satisfies the first discretionary factor because Lopez is not a party to the Columbian proceedings, and is unlikely to become a party to the proceedings in Columbia. Relying on Clerici, FG Wilson characterizes the first discretionary factor as "whether the person from whom discovery is sought is a participant in the foreign proceeding".

Lopez is not a party to FG Wilson's proceedings in Columbia and FG Wilson does not anticipate that Lopez will become a party in the future. In Clerici, Clerici was a party

5

to the litigation, suggesting that the use of § 1782 was unnecessary. Clerici, however, had left Panama and was in the United States, raising the possibility that the Court in Panama could not enforce its Order against Clerici. In Clerici, the Eleventh Circuit concluded that while being a party to the litigation would normally have been a factor in favor of Clerici, in Clerici the Eleventh Circuit did not find the factor favored Clerici, because Clerici was not physically in Panama. Clerici, 481 F.3d at 1334-35. The undersigned notes that Clerici is not necessarily conclusive regarding the first Intel factor because it is unclear whether or not Panama had jurisdiction over Clerici in that case whereas Columbia has jurisdiction over Lopez in this case. In Clerici, the Eleventh Circuit concluded that even though Clerici was a party to the litigation it was not confident that the Panamanian court could enforce an order against him because he was located in the United States. Id. Here, Lopez is located in the United States which provides a similar rationale for lacking confidence in the Columbian courts being able to exercise jurisdiction over him. Further, Lopez is not a party to the foreign litigation. However, Columbia does have jurisdiction over Lopez and may be able to exert more control over Lopez than Panama was able to exert over Clerici. The first factor weighs in favor of FG Wilson but is not by itself determinative of whether FG Wilson should be allowed to obtain discovery from Lopez.

  B)  Columbia Not Unreceptive to U.S. Judicial Assistance

Lopez does not explicitly argue that FG Wilson fails to satisfy the second factor. However, Lopez alludes to the inadmissibility of any evidence obtained through § 1782(a) procedures instead of the procedures provided under Columbia law.

  FG Wilson argues that any questions about the admissibility of evidence obtained

from Lopez is irrelevant with respect to a District Court's evaluation of a § 1782(a) application. FG Wilson relies on the Third Circuit's decision in John Deere Ltd. v. Sperry Corp., 754 F.2d 132, 136 (3d Cir. 1985), for the proposition that "when confronted with letters rogatory ... federal courts should neither decide technical questions of foreign law relating to the subject matter jurisdiction of foreign tribunals, nor determine the admissibility before such tribunals of the evidence sought."

The Third Circuit stated in John Deere that reciprocity between the United States and the foreign government is not required for a district court to grant a discovery request under § 1782. Id. at 137. Additionally, the Third Circuit found that the admissibility of the discoverable material is irrelevant and it indicated that it would be more concerned if the discovery sought would not be allowed under the foreign court's discovery rules. Id. at 136. The record does not demonstrate that Columbia would not allow the discovery that FG Wilson seeks from Lopez. This factor favors FG Wilson.

C)   Circumvention of Foreign Proof Gathering

Lopez argues that FG Wilson's application for judicial assistance is an attempt to circumvent Columbian law because under Columbian law an application to Columbian courts is required before the assistance of a foreign court in obtaining discovery is sought. Lopez bases his argument on the affidavit of an expert on Columbian procedural law. Lopez relies on Articles 19, 185, 213, 219, 220, 225 and 226 of the Columbian Civil Procedure Code in his argument that FG Wilson is attempting to circumvent Columbian law. Lopez asserts that prior to seeking discovery in this Court, FG Wilson first has to seek discovery from Lopez through the courts in Columbia, which it has not done. Lopez argues that FG Wilson should be allowed to obtain discovery

7

through this Court only if Lopez fails to cooperate with the Columbian courts.

FG Wilson argues that Article 19 of the Civil Code of Columbia provides that "Columbian laws apply to its citizen living abroad". <u>FG Wilson's Memorandum</u>, at p. 2. FG Wilson submitted an affidavit of Fernando Triana, an attorney authorized to practice in the Republic of Columbia since 1988, and serving as an attorney for FG Wilson in Columbia on matters of unfair competition and intellectual property. In his affidavit submitted to the Court, Fernando Triana states that "it is clear that Article 19 of the Civil Code is not an obstacle to the application of US laws over a Columbian citizen." <u>Affidavit of Fernando Triana</u> at p. 5. FG Wilson further argues that Article 185 "does not require FG Wilson to seek discovery from Lopez in Columbia prior to seeking that same discovery in the United States." <u>FG Wilson's Memorandum</u>, at p. 2. In his affidavit, Fernando Triana opines that "[t]he provision on which Mr. Clavijo grounds his argument, however, does not refer in any manner to the alleged requirement of seeking evidence in Columbia before requesting the same abroad." <u>Affidavit of Fernando Triana</u>, at p. 6. According to Fernando Triana, "Article 185 simply indicates that evidence gathered in certain proceedings, may be used in another, subject to compliance with certain formalities." <u>Affidavit of Fernando Triana</u>, at p. 6.

Article 185 of the Columbian Civil Procedure Code does not require that a party first seek discovery through a Columbian courts before being able to make an application for discovery in a court outside of Columbia. This factor favors FG Wilson.

### D) Request Not Unduly Intrusive or Burdensome

Lopez does not address whether FG Wilson's discovery request is unduly intrusive or burdensome. FG Wilson argues that its discovery request is not unduly intrusive or burdensome because the documents sought are limited to "those subjects relevant to Lopez and his involvement in the unauthorized trademark filing scheme and the initiation of the customs and criminal proceedings." Opposition (DE # 16 at 9, 6/30/10). This factor weighs in favor of FG Wilson.

## CONCLUSION

The undersigned finds that Columbian courts would not be unreceptive to this type of discovery and that this request is not unduly intrusive or burdensome. Additionally, Lopez is not a party to the Columbian proceedings and is located within the Southern District of Florida. There are no factors that weigh in Lopez's favor. Lopez' Motion to Vacate should be DENIED.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that Lopez's Motion to Vacate (DE # 12, 6/13/10) be **DENIED**. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F. 2d

1144,1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 4th day of January, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Seitz
All Counsel of Record

10