UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20839-MC-SEITZ/O'SULLIVAN

In re Application of FG Wilson (Engineering)
Limited for *Ex Parte* Order to Obtain Discovery
for Use in Foreign Proceedings
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION; DENYING MOTION TO VACATE; AND ORDERING NON-PARTY TO COMPLY WITH DISCOVERY SUBPOENA

THIS MATTER is before the Court on the Report and Recommendation ("Report") [DE 30] of the Honorable John J. O'Sullivan, United States Magistrate Judge, recommending that the Court deny non-party Luis Edward Lopez Vargas' ("Lopez") Verified Motion for Relief from Order Granting In Part Application for Order Pursuant to 28 U.S.C. § 1782 ("Motion to Vacate") [DE 12]. Lopez filed an objection to the Report [DE 31], to which FG Wilson (Engineering) Limited ("FG Wilson") filed a Response [DE 34]. The Court has carefully reviewed the record *de novo* pertaining to those portions of the Report "properly objected to." *See* FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636 (b)(1). Upon review, the Court finds that Judge O'Sullivan's findings of fact are not clearly erroneous and he correctly applied the law to the facts. Therefore, the Court will deny the motion to vacate [DE 12].

In the Report, Judge O'Sullivan set out the relevant background facts[1] and found that FG Wilson had met all of the statutory requirements of 28 U.S.C. § 1782, and that the four discretionary factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S.

---

[1] When applying to register its trademark in Columbia, FG Wilson discovered that its trademark already had been registered. FG Wilson seeks document and deposition discovery from Lopez in connection with three pending proceedings in Columbia related to the allegedly fraudulent registration of its trademark.
   Lopez is the president of A.B.C. Plantas y Equipos SA ("ABC Plantas"), FG Wilson's former distributor in Columbia. ABC Plantas and FG Wilson are embroiled in a contract dispute in Miami-Dade Circuit Court. FG Wilson believes that Lopez orchestrated the allegedly fraudulent trademark registration in order to gain leverage in the parties' contract dispute.

241, 264-65 (2004), also weighed in favor of FG Wilson. *Id.* Lopez does not object to any of these factual findings, but makes one simple objection to the Report. [DE 31]. Lopez asserts that Judge O'Sullivan "overlooked" his assertions concerning the third of the four discretionary *Intel* factors.[2] In this regard, Lopez contends that Judge O'Sullivan must have "misapprehended" the central importance of Article 193 of the Columbian Civil Procedure Code because Judge O'Sullivan's Report rejected Lopez' position that FG Wilson first had to seek the requested discovery in Colombia.[3] [DE 31 at 2]. While all four discretionary factors "bear consideration in ruling on a § 1782 request," not all four must fall in favor of the party seeking relief. *See Intel Corp.,* 542 U.S. at 264. Thus, even if Lopez' objection had merit – and it does not[4] – he cannot meet his burden to vacate the Court's prior Order. Although a court in Colombia may request foreign assistance through letters rogatory, a party litigant is not required to do so under Colombian law. [DE 34 at 10].

---

[2]Whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264.

[3]Lopez also argued in his motion to vacate that the Court's Order is void under Federal Rule of Civil Procedure 60(b)(4) because he was denied due process of law due to the *ex parte* nature of the proceedings. Lopez appears to abandon his due process argument as he does not object to Judge O'Sullivan's Report on this basis. Section 1782 applications are routinely filed and decided *ex parte*. Moreover, Lopez offered no legal authority to support his belief that he had a due process right to an adversarial hearing before a subpoena can be issued. However, even if such a due process right existed, any denial of due process was cured by the subsequent proceedings before Judge O'Sullivan through which Lopez had ample opportunity to be heard and to challenge entry of the Court's Order granting in part FG Wilson's Application.

[4]Lopez' objection is based upon his assertion that Article 193 mandates a party seeking discovery in a foreign country do so through application to the Columbian courts. [DE 31 at 2]. The provision upon which Lopez relies, however, is permissive, not mandatory. As FG Wilson notes, Article 193 "in no manner prohibits the seeking of evidence abroad through procedures in the United States" and "merely provides a method" for doing so when "requested and decreed in proceedings conducted in Colombia." *Id.*

Lopez' assertion regarding the importance of Article 193 is interesting to say the least. In his motion to vacate, Lopez argued that Article 185 of the Colombian Civil Procedure Code required FG Wilson first to seek the requested discovery in Colombia prior to filing its Application in the United States. [DE 12 at 6-7; DE 14 ¶ 14(a)]. Lopez' motion to vacate primarily rested upon Articles 19 and 185, but also cited to Articles 213, 219, 220, 225 and 226. Lopez did not suggest that he was relying upon Article 193 of the Columbian Civil Procedure Code until he filed a reply memorandum to supplemental briefing ordered by Judge O'Sullivan.

Accordingly, it is

ORDERED that

(1) Magistrate Judge John J. O'Sullivan's Report and Recommendation [DE 30] is AFFIRMED AND ADOPTED as the Order of this Court.

(2) Non-Party Luis Edward Lopez Vargas' Objection to the Report and Recommendation [DE 31] is OVERRULED.

(3) Non-Party Luis Edward Lopez Vargas' Verified Motion for Relief from Order Granting In Part Application for Order Pursuant to 28 U.S.C. § 1782 [DE 12] is DENIED.

(4) Non-Party Luis Edward Lopez Vargas must produce the documents requested in the subpoena by **April 8, 2011** at the offices of local counsel for FG Wilson, or another location mutually agreeable to FG Wilson and Mr. Lopez, and appear for deposition no later than **April 25, 2011** at the same location before a Notary Public (or other person duly qualified to administer the oath), which will be recorded stenographically and may be recorded by video.

(5) The Clerk of Court is DIRECTED to mail a copy of this Order to:

> Albert J. Piantini, Esq.
> Piantini and Associates, P.A.
> 113 Almeria Avenue
> Suite Second Floor
> Coral Gables, Florida 33134

(6) All pending motions are DENIED as MOOT. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 24th day of March, 2010.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge O'Sullivan
     Counsel of Record
     Albert J. Piantini, Esq.